KING, Justice,
specially concurring:
¶ 15. I agree that Matthews’s convictions should be affirmed; however, I write separately to address this Court’s critique of the Court of Appeals’s discussion of the presumption available to a defendant under the “Castle Doctrine,” as codified in Mississippi Code Section 97-3-15. Miss. Code Ann. § 97-3-15(3) (Rev. 2008). The language in the Court of Appeals opinion that is criticized by the majority states: “The statute requires that the ‘person who uses defensive force shall be presumed to have reasonably feared imminent death or great bodily harm....’ No evidence was presented that Matthews feared imminent death or great bodily harm to himself or to Macy Kate. Therefore, the county court did not err in refusing to apply the castle doctrine, as there was not sufficient evidence to support the doctrine’s application.” Matthews v. City of Madison, 143 So.3d 579, 583, 2013 WL 5184708, at *2 (¶ 11) (Miss.Ct.App.2013) (emphasis added) (internal citations omitted).
¶ 16. When the Court of Appeals’ language is read in conjunction with Matthews’s trial testimony, and the language taken in the context of that testimony, it becomes clear that what the Court of Appeals intended to address was the burden of proof to obtain the presumption of the “Castle Doctrine.” I agree with the majority that the emphasized language taken in a vacuum is misleading; however, I am concerned that the majority’s critique of that language is also misleading. While the majority correctly confronts the issue that the “Castle Doctrine” only applies when one of the circumstances of Section 97-3-15(3) is met, the majority fails to address the initial burden of proof for application of the presumption arising from the “Castle Doctrine.” As a result of that failure by the majority, one might conclude that no burden of proof is associated with the application of that presumption. In fact, that failure by the majority would seem to suggest that application of the presumption arising under the “Castle Doctrine” is the product of legal abiogen-esis.
¶ 17. As with any presumption, the party seeking to avail himself of that presumption bears the burden of proving its applicability. See Strong v. State, 600 *577 So.2d 199, 203 (Miss.1992). Section 97-3-15(3) provides that “[a] person who uses defensive force shall be” entitled to the Castle Doctrine presumption if the defensive force was employed in one of the circumstances outlined. Miss.Code Ann. § 97-3-15(3) (Rev. 2008) (emphasis added). Thus, before examining whether one of the circumstances in subsection (3) is met, the initial inquiry must be whether the person adequately proved he was using defensive force. In the present case, it was consequently Matthews’s initial burden to prove that he used defensive force, and then that he used such defensive force in a circumstance covered by the “Castle Doctrine.” The trial judge, sitting as the trier of fact, found that Matthews failed to meet his burden of proof, as he failed to put forth evidence that the force he used was defensive. While not stated with clarity, I believe that this is the same conclusion reached by the Court of Appeals. Thus, I write separately to clarify that a defendant must initially show that he was using defensive force to avail himself of the “Castle Doctrine.”
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS AND CHANDLER, JJ„ JOIN THIS OPINION.